# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATHANIEL  PARKER , SR.
PLAINTIFF

 

vs.

| | |
|---|---|
| UNITED STATES OF AMERICA , <br> JOHN ASHCROFT, ATTORNEY GENERAL, <br> DIRECTOR OF THE FED. BUREAU OF PRISONS,  KATHLEEN HAWK , <br> WARDEN OF FCI - SCHUYLKILL , <br> JOHN   NASH , <br> ASSOCIATE  WARDENS , D.L. STINE (P), <br> DENEEN P. SWEET (O) , <br> CAPTAIN OF FCI - SCHUYLKILL , <br> A.  MATEVOUSIAN , <br> BOP HEALTH SERVICE MEDICAL DIRECTOR, <br> JANE OR JOHN DOE , <br> HEALTH SERVICES CLINICAL DIRECTOR <br> ADMINISTRATOR OF FCI - SCHUYLKILL , <br> CHARLESTON   IWUAGWU , <br> ASSISTANT HEALTH SERVICES ADMINST. <br> SANDRA   VARGAS , <br> IOP/ID COORDINATOR , <br> CEDRIC  M.  ROBINSON , <br> PHYSICIAN ASSISTANTS , <br> DAVID STEFFAN,  MAYRSE WAMBACH , <br> BRIGIDA ZABALA,  ISMAIL RAHIMI , <br> JANE AND JOHN DOES , <br> PRISON GUARDS OF FCI - SCHUYLKILL (SHU), <br> JOHN DOES , <br> 4 - A  UNIT MANAGER , AMY KINDER , <br> 4 - A  UNIT COUNSELOR , D. SHIRES . <br> ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES . <br><br> DEFENDANTS | (BIVENS) CIVIL RIGHTS ACTION <br> 42 U.S.C.A. § 1997e(a). <br> 28 U.S.C.A. §§ 1331 , 1332(a). <br> 28 U.S.C.A. §§ 1343(a)(1), 1391(a). <br> FED. R. CIV. PROC. RULE 9 <br><br> CIVIL ACTION No. <br> _____ <br><br> JURY TRIAL REQUESTED <br><br> FILED <br> SCRANTON <br> MAR 1 5 2004 <br> PER _____ <br> DEPUTY CLERK |

## CIVIL RIGHTS COMPLAINT
## 42 U.S.C. § 1997 e (a).

I am the Plaintiff Nathaniel Parker, Sr. who is a federal prisoner as well as a citizen of the United States, and this is a federal civil rights complaint filed (Pro Se), from FCI - Schuylkill, Pennsylvania . This civil rights complaint is necessitated by alleging violation of various Constitutional rights guaranteed by Congress of the United States to the plaintiff .

The named and un-named defendants, in this action has been employed by the (BOP), at the times of these allege incidence and has acted or failed to act in a manner consistent with the plaintiff's, constitutional guarantees, and consequently the defendants acted in an UnConstitutional pattern of violating constitutional rights of federal prisoners .

The Defendants, are known to be government officials and or employed by the (BOP), Bureau Of Prisons who violated the plaintiff's, constitutional rights by knowingly and intentionally denying or delaying access to adequate medical treatment for serious medical needs, and knowingly and intentionally interfering with medical treatment, retaliation for complaining and exercising constitutional rights, acts of deliberate exposure to second-hand harmful tobacco smoke, acts of omissions sufficiently harmful, deliberate indifference to serious medical needs offensive to evolving standards of decency all in violationof the plaintiff's, constitutional guarantees, First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, Const. Amends. 1, 5, 8, 14.

The Plaintiff Nathaniel Parker, Sr., a federal prisoner, is seeking for any and all necessary relief , the award of various forms of damages, and the award of attorney fees against the defendants, named and un-named .

The plaintiff, is requesting a jury trial in this case .

---

Nathaniel Parker, Sr. Reg. No. 54223 - 066 FCI - Schuylkill, Minersville, Pa. 17954 - 0759 (570) 544 - 7100

## JURISDICTION

**1.**     This is a Federal (Bivens) Civil rights action under ;  42 U.S.C.A. § 1997e(a)., 28 U.S.C.A. §§ 1331 , 1332(a)., 28 U.S.C.A. § 1343(a)(1), and 28 U.S.C.A. § 1391(a). , Fed. R. Civ. Proc. Rule 9. The Honorable Court has jurisdiction over these proceedings to entertain and hear claims of Constitutional violations, where the plaintiff Nathaniel Parker, Sr. invokes jurisdiction upon the honorable court to hear his claims .

The Honorable Court has the authority to take appropriate course of action consistent with this action brought on behalf of the plaintiff, who will set forth the cause of his claims before this honorable court .

> The cause of this action is under federal civil authority which provides :
>
> Every person who's under color of any statute, ordinance, or regulation custom, or usage of any state or territory of the District of Colmubia, subjects, or causes any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceedings for just and appropriate redress .
>
> And for the purposes of this section, any act of Congress of the United States .

4.

## PARTIES

2.  Nathaniel Parker, Sr. is the plaintiff, who is currently being held under federal custody at FCI - Schuylkill, Minersville, Pa. who is also an American Citizen of the United States.

3.  John Ashcroft, is a defendant, who is the Attorney General, who represents the United States and was acting during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacities.

4.  Kathleen Hawk, is a defendant, who was acting as the director of the Federal Bureau Of Prisons of the United States during the times complained of herein. Her home residence is unknown to me at this time. She is being sued in her individual and her official capacities.

5.  John Nash, is a defendant, who was acting as the warden at FCI - Schuylkill, Pa. during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacities.

6.  A. Matevousian, is a defendant, who was acting as the captian at FCI - Schuylkill, Pa. during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacities.

7.  D.L. Stine, is a defendant, who was acting as associate warden (P) at FCI - Schuylkill, Pa. during the times complained herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacites.

8.  Deneen P. Sweet, is a defendant, who was acting as assoicate warden (O) at FCI - Schuylkill, Pa. during the times complained of herein. Her home residence is unknown to me at this time. She is being sued in her individual

5.

and her official capacities.

9.   Charleston Iwuagwu, is a defendant, who was acting as administrator clinical director at FCI - Schuylkill, Pa. during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacities.

10.  Sandra Vargas, is a defendant, who was acting as assistant health services administrator at FCI - Schuylkill, Pa. during the times complained of herein. her home residence is unknown to me atthis time. She is being sued in her individual and her official capacities.

11.  Cedric M. Robinson, is a defendant, who was acting as IOP/ID coordinator of health services at FCI - Schuylkill, Pa. during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacities.

12.  David Steffan, is a defendant, who was acting as a physician assistant of health services at FCI - Schuylkill, Pa. during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual and his official capacities.

13.  Mayrse Wambach, is a defendant, who was acting as a physician assistant of health services at FCI - Schuylkill, Pa. during the times complained of herein. Her home residence is unknown to me at this time. She is being sued in her individual and her official capacities.

14.  Brigida Zabala, is a defendant, who was acting as a physician assistant of health services at FCI - Schuylkill, Pa. during the times complained of herein. Her home residence is unknown to me at this time. She is being sued in her individual and her official capacites.

15.     Ismail Rahimi, is a defendant, who was acting as a physician assistant of health services at FCI - Schuylkill, Pa. during the times complained of herein. His home residence is unknown to me at this time. He is being sued in his individual andin his official capacities.

16.     Jane and John Does, are defendants, who was acting as physician assistants of health services at FCI - Schuylkill, Pa. during the times complained of herein. Their names and home residence areunknown to me at this time. They are being sued in their individual and in their official capacities.

17.     John Does, are defendants, who were acting as federal prison guards of the Segregated Housing Unit (SHU) at FCI - Schuylkill, Pa. during the times complained of herein. Their names and home residence are unknown to me at this time. They are being sued in their individual and in their official capacities.

18.     Amy kinder, is a defendant, who was acting as 4 - A unit manager at FCI - Schuylkill, Pa. during the times complained of herein. Her home residence is unknown to me at this time. She is being sued in her individual and in her official capacities.

19.     D. Shires, is a defendant, who was acting as 4 - A unit counselor at FCI - Schuylkill, Pa. during the times complained of herein. Her home residence is unknown to me at this time. She is being sued in her individual and in her official capacities.

7.

# STATEMENT OF FACTS

20.     The Plaintiff Nathaniel Parker, Sr. is a federal prisoner in the custody and care of the (FBOP), i.e. Federal Bureau Of Prisons, represented by the (U.S.A.), i.e. United States Of America, who has been incarcerated at FCI - Schuylkill, Minersville, Pa. since February 4, 2002 . from the results of his federal conviction and judgment rendered in the United States District Court for the Eastern District of Pennsylvania .

21.     The Plaintiff, suffers from a severe life threatening blood disease known as (SCA), i.e. Sickle Cell Anemia, with no known cure, this is a very painful joint disorder which affects life supporting organs , the plaintiff, medical records supports these facts .

22.     On September 11, 2002 . the plainfitt, was hand cuffed by the defendant captain A. Matevousian, who was accompanied by other prison officials while on housing unit 4 - A and the plaintiff's, right wrist was cut and bleeding from the hand cuffs, where the teeth from the hand cuffs had cut into the plaintiff's, right wrist. The plaintiff, was escorted from housing unit 4 - A through a crowd of administrative, personnel , prison officials who lined the walk-way to (SHU), i.e. Segregation Housing Unit, and was threaten numerous times on the way to (SHU), and verbally assaulted as well .

23.     On September 22, 2002 . while still being held in (SHU), on unfounded charges or prison rule violations, the plaintiff, was suffering from a sickle cell anemia attack, and requested medical treatment through the guards who were working in the (SHU), and also through a physician assistance David Steffan, who are defendants, and medical adequate treatment was denied to the plaintiff, by the defendants, David Steffan, P.A., cursed and threatened the plaintiff, stating that plaintiff, should be placed on an air plane and not every be brought to this institution to begin with, and all plaintiff wants is drugs .

24.     On September 23, 2002 . the plaintiff, continued to suffer while he was suffering from a sickle cell anemia attack, and continued denial of adequate medicial treatment, plaintiff, continued to request medical treatment, and did so by pressing the medical distress alart button in the cell which he was being held in while in (SHU), plaintiff, was forced to lay on the cell floor, because the prison guards refused to honor the plaintiff's, medical authorization for sleeping on the bottom bunk, and because of the severe pain the plaintiff, was unable to climb up on the top sleeping bunk .

25.     On or about September 24, 2002 . while still being housed in (SHU), and suffering from a sickle cell anemia attack, plaintiff, continued to request for adequate medical treatment, by pressing the medical distress alart button, in the cell he was being held, in, and a prison guard approached the cell and opened the door hatch, and ask plaintiff, to come over to the door, and turn around and place his hands behind his back, and the guard hand cuffed the plaintiff, and asked him to step away from the door, and requested that the plaintiff's, cell mate come to the door and do the same, and at that time words were exchanged between the guard and the cell mate as to what is going on.  The guard finally opened the cell door, and asked that the both of us step out, and escorted us to the showers and asked us to step in and then locked the shower gates behind us and asked us to trun around so that we could be un-cuffed, and asked us to strip off all of our clothing, we did so, and the guard said put your clothing back on, and then the guard immediately summons for the other (three) guards, but asked for the (two) specific guards to assist him and went to the cell which plaintiff, and his cell mate was sharing, and trashed the place in an unnecessary search, throwing items around the room and taking some institutional issued items .

9.

Following the completion of the guards search of the room, they came back to the shower area and placed the hand cuffs back on the plaintiff, and his cell mate and escorted us back to the cell, and plaintiff, said to the guards that he is very ill, and is in alot of pain, and all I want is to receive adequate medical treatment, I can die from my illness and sufferings. The guard responded by saying that they received a call to do what they just done, and that I don't know what else to tell you, and my cell mate said that this is not right the man is sick and needs help .

26.    On  September 25, 2002 . the plaintiff, remained in (SHU) on unfounded charges or prison rule violations, and continued to suffer with severe pain and denied adequate medical treatment, besides receiving a few pills from various physicians assistance the typr of pills were not known to the plaintiff, who had expressed his concerns about receiving bad medications, plus the plaintiff, had not received any test or seen by a certified physician, and was also running a high grade fever, thus the plaintiff, continued to suffer with severe pain .

27.    On  September 26, 2002 . the plaintiff, was visited by defendant (IOP/ID) Coordinator Cedric M. Robinson, to give the plaintiff, (three) very tiny dark red pills, and not the (two) small white one's, which were very suspicious, the coordinator, was unable to explain the use of the pills, but that he had been informed to give them to me by the administrator assistant defendant Sandra Vargas, who had not seen the plaintiff to make such medical determination, so the defendant coordinator, Mr. Robinson, ask for the (three) dark red pills back until he was able to comfirm what they are, he returned later and said it was the same as the (two) small white one's, plaintiff, did receive them but did not take them out of fear . At approximately 9:15 to 9:45 p.m. another physician assistant  came to the cell to deliver the plaintiff, a prescription bottle of the same dark red

tiny pills, Rx # 39659 - Hydroxyzine 25Mg. Tabs, allegedly for pain, or for the use of one suffering from a sickle cell anemia attack, plaintiff, received a prescription for Folic Acid Rx # 39660 1Mg. Tabs.

Defendant Cedric M. Robinson, informed plaintiff, that defendant Sandra Vargas, Assistant Health Service Administrator, prescribed the 25Mg. Tabs, called Hydroxyzine for the plaintiff, but defendant Cedric M. Robinson, was unable to explain what the medicine is and what it's use is for.

The Plaintiff, also received mail for the U.S. District Court, E.D. Of Pa. acknowledging receipt of plaintiff, hand-written plea for a Court order to get adequate medical treatment for his serious medical needs docketed under Civil No. 02 - CV - 7450 dated September 25, 2002.

28.     On September 27, 2002 . defendant Cedric M. Robinson, returned to the cell in (SHU) where the plaintiff, was being held at with a zip lock bag containing (two) very tiny dark red pills to take following the receipt of the prescription bottle full of the night before, plaintiff, advised defendant, of this fact and questioned why he was not made aware of this, and read the medical information from the prescription to the defendant, who said he would like to read it his self, and did so and explained to plaintiff, that he had not known, but only did what he was told to do, and requested the return of the (two) pills that he had given to the plaintiff.

The defendant Cedric M. Robinson, indicated to plaintiff, that he do not know what the plaintiff, medical suffering is for, and the plaintiff, did inform this defendant, as well as numerous other named defendants, of his medical illness over the pass few days since taken ill, as many of the defendants, had visited (SHU), during the times while the plaintiff, was being held there and requested medical help from all who he could communicate with .

Defendant (A/W) Associate Warden D.L. Stine, had visited (SHU), and did stop at the cell where the plaintiff, was being held at and the plaintiff, did advise the defendant, that he suffers with a life threatening blood disorder is still suffering with joint pain and has not received adequate medical treatment to date, defendant (A/W) Stine, had advised plaintiff, that he will be sending the defendant (A/W) over health services Deneen P. Sweet, to see me today .

Defendant (A/W) Deneen P. Sweet, did not stop to see the plaintiff, and the plaintiff, continued to suffer with his joint pain without receiving adequate medical treatment, and further non of the defendant over medical performed any of the required evaluations, testing or screening of the plaintiff, during these times of his sufferings in (SHU), but sent various medications to the plaintiff, by defendants physicians assistants.

29. On September 28, 2002 . a.m. defendant physician assistant came to the cell where the plaintiff, was being held at to deliver some pain pills believed to be motrin and (two) tiny white pills believed to be vistaril .

30. The Defendants denied the plaintiff Nathaniel Parker, Sr. adequate medical treatment for his serious medical needs while he was suffering with severe joint pain from having a sickle cell anemia crisis while he was being held in (SHU), for an unwarranted, unfounded charge or prison rule violation, constitutes deliberate indifference to serious medical needs of the plaintiff, the unnecessary and wanton infliction of pain .

31. On October 3, 2002 . the plaintiff, was released from (SHU) without ever being charged or cited with any violation and did return back to housing unit 4-A unable to bring his legal and personal properties with him because of his injuries from his suffering while in (SHU), plaintiff, was assigned to a dorm sleeping

upper bunk, with prisoners that smoke in the dorm which housed (eight) individuals where the plaintiff, medically was approved to be assigned to a lower sleeping bunk, and is a non-smoker the same status he had retained before the September 11, 2002. incident which he was taken to (SHU).

32.   On October 4, 2002. the plaintiff, written out an inmate request slip to staff BP - S148.055 addressed to plaintiff's, counselor Ms. D. Shires, defendant, complaining of his problems of being assigned to an upper sleeping bunk, and being exposed to second-hand harmful tobacco smoke. however, defendant Counselor Shires, intentionally ignored the plaintiff's, complaints in an act to retaliate against the plaintiff, for previous and present exercise of his rights.

33.   The Plaintiff Nathaniel Parker, Sr., continued to file and submit inmates request to staff BP - S148.055 attempting to reasonably resolve his complaints of being forced to sleep on an upper bunk, deliberate interferance with medical and forcefully being exposed to second-hand harmful tobacco smoke, advising defendant Ms. Amy Kinder, unit manager, who responded to the plaintiff's, complaints, as an act of official cover ups and ignored the plaintiff's, rights.

34.   On or about November 20, 2002. the plaintiff, excuted his administrative remedy exhaustion phases as required under the (PLRA), i.e. Prison Litigation Reform Act of 1996. where the defendants, intentionally caused the plaintiff's, complaints to be futile acting in a conspiracy against the rights of the plaintiff's, and by not complying with their own rules and regualtions and policies causing them to be inaction, a practice that is violative and endandering human life, of those responsible for making the policies, and those responsible to carry them out, which is clearly deliberate indifferent to the needs of the plaintiff, and violative of the Constitutional guarantees of the plaintiff, to the United States Constitutions, Const. Amends. 1, 5, 8, 14. The defendants, conduct and actions clearly was one that is intentional and life threatening to the plaintiff.

## CLAIMS FOR CAUSE OF ACTION

35.     The Plaintiff Nathaniel Parker, Sr. is in federal custody serving a federal prison term, who brought this civil (Bivens) action against each of the defendants in this action, pursuant to BIVENS v. SIX UNKNOWN FED. NARCOTICS AGENTS, where the defendants act ed under color of law through their individual and official control, regulations of federal prisons and in their implementation of federal law, regarding the way federal prisoners serve their sentences, living conditions, and receive medical treatment consistent with contemporary standards of decency as manifested in modern legislation which society requires to care for prisoners, who cannot by reason of the deprivation of his liberty, care for himself .

However, the defendants violated the plaintiff's, constitutional rights by depriving the plaintiff, of adequate medical treatment for serious medical needs and amounts to deliberate indifference, cruel and unusual punishment, retaliation for complaining, interfering with medical, and deliberate exposure to second-hand harmful tobacco smoke, and acts of conspiracy against rights and the deprivation of rights under color of law.

36.     The Plaintiff Nathaniel Parker, Sr. contends that the defendants, violated the plaintiff's, constitutional rights caused the plaintiff's, life to be placed in to grave danger and unnecessary wanton infliction of pain, where the defendants, possessed the authority and control to provide the plaintiff, with adequate medical treatment for his serious life threatening medical needs, but failed to do so, causing severe injuries and unnecessary suffering to the plaintiff, on the dates indicated in the previous paragraphs, which served no penological purposes violative of the Eighth Amendment to the United States Constitution, Const. Amend. 8.

37.     The Defendants, are being held liable for their actions under this Bivens action for various reliefs and damages pursuant to their individual and official capacities of some nature causes a constitutional tort, in their failures to protect Constitutional rights.

Of Course the plaintiff Nathaniel Parker, Sr., possessed Constitutional rights, for which he was deprived of ; that the defendants, had an obligation and policy to provide emergency adequate medical treatment, which was inaction at the time, amounted to deliberate indifference to the plaintiff, constitutional rights, the defendants, reckless disregard for human life, and abusiveness is the moving force behind the Constitutional violations .

38.     The Plaintiff, was deprived of his Constitutional rights by the defendants, who conspired to violate these rights guaranteed, and acts of official misconduct in their attempts to cover up these violative acts, and should be held liable, in contravention of constitutional guarantees to the United States Constitution, Const. Amends. 1, 5, 8, 14.

15.

---

## RELIEF FOR DAMAGES

39.     WHEREFORE , The Plaintiff Nathaniel Parker, Sr. requests the Honorable Court to grant the following(s) :

40.     Issue a Declaratory judgment against the defendants, for violating the plaintiff's, rights to the United States Constitution when they :

    A).     Deprived the plaintiff, of his Constitutional rights to receive adequate medical treatment for his serious medical needs .

    B).     Retaliated against the plaintiff, for complaining in requesting medical treatment consistent with the standards of decency of societies expectations.

    C).     Interfering with medical by deliberate acts to retaliate.

    D).     Deliberate exposure to second-hand harmful tobacco smoke.

    E).     Official misconduct, Conspriacy to violate Constitutional rights, Official cover up while acting under color of law .

41.     Issue an Injunction against the defendants, to immedidiately :

    F).     Prohibit the defendants, from its discriminatory practices, abuse, and official misconduct, retaliation against the plaintiff, and other prisoners similarly situated.

    G).     Immediately Refrain from its present practices in not providing adequate medical treatment to serious medical needs, and deliberate exposure to second-hand harmful tobacco smoke.

    H).     Immediately suspend the defendants, from further active employment with intent to fire , and immediately replace those defendants associated with their positions.

    I).     Immediately appoint an independent medical monitoring system.

42.     Grant Compensatory damages against the defendants, in their individual and official capacities in the following amounts :

    J).     $ 2,000.000.00 against the defendants.

43.     Grant Exemplary damages against the defendants, in the amount of $ 2,000.000.00 . in their individual and official capacites .

44.     Grant Punitive damages against the defendants, in the amount of $ 2,000.000.00 . in their individual and official capacities .

45.     Grant Special damages against the defendants in the amount of $ 2,000.000.00 . in their individual and official capacities .

46.     Grant Attorney fees under  42 U.S.C. § 1988 .  is requested .

47.     Grant any other relief against the defendants this Honorable Court deems necessary and appropriate .


Dated :  **March 12, 2004 .**                    Respectfully  Submitted ,

                                                 *signature*
                                                 Nathaniel  Parker ,  Sr .

                                                 Reg. No. 54223 - 066
                                                 FCI - Schuylkill
                                                 P.O. Box 759
                                                 Minersville , Pa. 17954-0759

                                                   (570) 544 - 7100

                                                 PLAINTIFF  (PRO SE)


17.



# Nathaniel Parker, Sr.

Reg. No. 54223 - 066
FCI - Schuylkill
P.O. Box 759
Minersville, Pa. 17954-0759

(570) 544 - 7100

March 12, 2004 .

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT FOR THE
  MIDDLE DISTRICT OF PENNSYLVANIA
William J. Nealon Federal Bldg. The
  United States Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, Pennsylvania 18501 - 1148

**RECEIVED
SCRANTON
MAR 1 5 2004
PER _____
DEPUTY CLERK**

RE : Nathaniel Parker, Sr. Plaintiff vs. United States Of America,
John Ashcroft, Bureau Of Prisons Kathleen Hawk, et al. Defendants
(Bivens) Civil Rights Action 42 U.S.C.A. § 1997e(a). 28 U.S.C.A.
§§ 1331, 1332(a). 28 U.S.C.A. §§ 1343(a)(1), 1391(a).
Fed. R. Civ. Proc. Rule 9

**Dear Clerk Of Court :**

Please be advised that I am the plaintiff, as indicated in the above caption. Enclosed you will find an (Original) and (two) copies of the plaintiff's (Bivens) Civil rights complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). against Federal Burea Of Prisons Officials. The complaint is also accompanied by a Memorandum of Law, Declaration, and Motion To

Proceed In Forma Pauperis, a Motion For Appointment Of Counsel.

    The plaintiff, also advises the Honorable Court that he has completed exhaustion of administrative remedies on all claims raised in his civil rights complaint as required by the (PLRA), i.e. Prison Litigation Reform Act 42 U.S.C.A. § 1997(e)(a). of 1996.

Thank you for your attention and your cooperation in this very important matter, and please advise of the civil docket number .

nps /

cc : files

                                        **Respectfully Submitted ,**

                                        **Nathaniel Parker , Sr.**
                                        PLAINTIFF    (PRO SE)